UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

STATE OF WISCONSIN,

      Plaintiff,

v.                                                                 Case No. 15CR37

JOSHUA VAN HAFTEN,

      Defendant.

## BRIEF IN OPPOSITION

    Joshua Van Haften, by counsel, files this brief in opposition to the government's motion for a protective order.

    The government and the defense have gone back-and-forth over this protective order and what the defense will agree to. The disagreement has been distilled to one discrete point: the first full paragraph on page two of the proposed order, restricting use of "general discovery materials," *i.e.* routine documents like Facebook screenshots and police reports.

    It is important to note at the outset that the government does not expect this case to involve any documents that are actually classified. Thus, while the defense has not opposed the appointment of a Classified Information Security Officer (CISO), nor does it oppose the paragraph on page six of the protective order dealing with possible classified information, the parties do not expect classified material to be an issue here. Rather, this case is expected to involve two classes of discovery — general (routine) discovery materials and *de*classified ("sensitive") materials.

    Under Rule 16(d) a court may enter a protective order for good cause, which requires a particularized showing. *See United States v. Wecht*, 484 F.3d 194, 211 (3rd Cir.2007) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing.") (internal quotation marks omitted). Here, the government has not provided this court or the defense with any justification for

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

its proposed restrictions on defense use of general discovery materials like Facebook screenshots and police reports, much less a particularized one. The government's motion only refers to government interests regarding "sensitive" discovery materials—not general discovery materials. And the proposed order's prefatory clause similarly refers only to sensitive discovery materials.

The defense's objection isn't simply grounded in the government's failure to meet its burden. Rather, when it comes to the general discovery a protective order is superfluous. Defense counsel is, of course, already governed by the ethical rule of confidentiality. Wis. S.C.R. 20:1.6. That should be enough. But for good measure, and as the government noted in its cover letter to this court, counsel was also willing to agree not to publicize any discovery.

There is no basis for requiring more. The protective order does little to advance the government's interests while it unduly limits the defense's ability to prepare for trial. The restrictions would limit the defense team in brainstorming the case with other defense attorneys or discussing it with witnesses—as it relates to the general discovery—unless they sign a memorandum of understanding that is filed with the Court.[1] Some individuals may reasonably be uncomfortable with signing something that would open them up to scrutiny should information somehow leak out.

While potentially preventing defense counsel from brainstorming the case with other attorneys and speaking with witnesses, the protective order does little to actually limit the dissemination of information from the general discovery into the public stream. For instance, as the protective order stands, the defense attorneys could not speak with a witness about a matter in discovery without obtaining a signed memorandum, but in filing a motion to suppress—perhaps regarding a matter known to the witness—the defense

---

[1] On page 4, the first full paragraph, of the proposed order, the government inadvertently left the general discovery out of the signing/filing requirement, but undersigned counsel has confirmed that the government intended to state that any member of the defense team, or any witness, must sign the memorandum of understanding in order to receive any sensitive *or general* discovery material.

could attach some of the general discovery making it part of the public record. Thereby allowing the world to discuss the matters, just not the lawyers.

The protective order also breeds unnecessary confusion. Much of what is contained in the general discovery could also be learned through the defense's subpoena power, a FOIA request, or just a regular open records request. So the defense is put in a difficult position: would it be a violation of the protective order to talk about evidence that is contained in the general discovery but that the defense could also gather from alternative channels?

Finally, the restrictions are onerous. They would, of course, require additional record-keeping. And they would expose members of the defense team and others to claims of violating a court order in the event that some matter addressed in general discovery materials is disseminated—even though the government does not claim that dissemination would impact national security or otherwise justify special treatment of them.

Thus the defense asks this Court to strike the first full paragraph on page two of the proposed order or, in the alternative, to strike it and replace it with the language that defense counsel previously proposed to the government, which is contained in the government's cover letter to the Court.

Dated at Madison, Wisconsin this 26th day of May, 2015.

Respectfully submitted,

Joshua Van Haften, Defendant

*/s/ Joseph A. Bugni*
Joseph A. Bugni

FEDERAL DEFENDER SERVICES
 OF WISCONSIN, INC.
22 East Mifflin Street, Suite 1000
Madison, Wisconsin 53703
Tel: 608-260-9900
Fax: 608-260-9901
joseph_bugni@fd.org

N:\Cases-Open\Van Haften, Joshua - 15-206\Draft Pleadings\5-26 jab.wpd