

**U.S. Department of Justice**

*John W. Vaudreuil*
*United States Attorney*
*Western District of Wisconsin*

Telephone 608/264-5158
TTY 608/264-5006
Administrative Facsimile 608/264-5183
Civil Division Facsimile 608/264-5724
Criminal Division Facsimile 608/264-5054

<u>Address:</u>
222 West Washington Avenue
Suite 700
Madison, Wisconsin 53703

October 18, 2016

Mr. Joseph Bugni
Federal Defender Services of Wisconsin, Inc.
22 E Mifflin Street, Suite 1000
Madison, WI 53703

      Re:    *United States v. Joshua Van Haften*
            Case No. 15-CR-00037-JDP

Dear Mr. Bugni:

      This is the proposed plea agreement between the defendant and the United States in this case.

      1.     The defendant agrees to plead guilty to Count 1 of the indictment in this case. This count charges a violation of Title 18, United States Code, Section 2339B(a)(1), which carries maximum penalties of 15 years in prison, a $250,000 fine, a three-year period of supervised release, and a $100 special assessment. In addition to these maximum penalties, any violation of a supervised release term could lead to an additional term of imprisonment pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing. The defendant understands that the Court will enter an order pursuant to 18 U.S.C. § 3013 requiring the immediate payment of the special assessment. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment as ordered by the Court.

      2.     The defendant acknowledges, by pleading guilty, that he is giving up the following rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel--and if necessary have the Court appoint counsel--at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

      3.     The defendant understands that upon conviction, if he is not a United States citizen, he may be removed from the United States, denied citizenship, and

denied future admission to the United States. The defendant nevertheless affirms that he wants to plead guilty regardless of any removal and immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

4. The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, give the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct which is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this plea agreement and the sentencing hearing which is inconsistent with acceptance of responsibility.

5. The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in or could be tried in the Western District of Wisconsin or the Southern District of Georgia, provided that both of the following conditions are met: (a) the criminal conduct relates to the conduct described in the indictment; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin and the Southern District of Georgia have exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report.

6. In the event of an appeal by either party, the United States reserves the right to make arguments in support of or in opposition to the sentence imposed by the Court.

7. The defendant understands that sentencing discussions are not part of the plea agreement. The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States.

8. If your understanding of our agreement conforms with mine as set out above, would you and the defendant please sign this letter and return it to me. By his signature below, the defendant acknowledges his understanding that the United States has made no promises or guarantees regarding the sentence which will be imposed.

October 18, 2016
Page 3

The defendant also acknowledges his understanding that the Court is not required to accept any recommendations which may be made by the United States and that the Court can impose any sentence up to and including the maximum penalties set out above.

9. By your signatures below, you and the defendant also acknowledge that this is the only plea agreement in this case.

Very truly yours,

10/20/2016
Date

JOHN W. VAUDREUIL
United States Attorney

10/20/2016
Date

JEFFREY M. ANDERSON
First Assistant U.S. Attorney

JOSEPH BUGNI
Attorney for the Defendant

10/19/16
Date

JOSHUA VAN HAFTEN
Defendant

10/19/16
Date

Enclosure