IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,                ORDER

                    v.                       15-cr-37-jdp-1

JOSHUA VAN HAFTEN,

                Defendant.

---

A hearing on the probation office's petition for judicial review of Joshua Van Haften's supervised release was held on November 17, 2023, before U.S. District Judge James D. Peterson. The government appeared by U.S. Attorney Timothy O'Shea. Defendant was present in person and by counsel Joseph Bugni. Also present were U.S. Probation Officers Brittany Schwonke and Michael Sutor.

The court will hold the matter open to allow Van Haften the opportunity to demonstrate compliance with his supervision. The court will hold a further hearing at 10:00 a.m. on February 13, 2024. Van Haften is to be released from custody today, as soon as location monitoring can be established.

The court ordered that defendant's supervised release conditions would be amended to include special conditions numbered 21, 22, and 23, as follows:

| SPECIAL CONDITIONS | | JUSTIFCATION |
|---|---|---|
| 21) | **Participate for a period of 12 months in a location monitoring program that may include the following technologies: radio frequency (RF) monitoring, passive global positioning** | Imposed based on defendant's continued statements and self-reported intention and plans to try to leave the United States and abscond from supervision. |

| | | |
|---|---|---|
| | system (GPS) monitoring, active GPS monitoring, or voice recognition. Defendant shall abide by the technology requirements implemented at the direction of the supervising U.S. Probation Officer. Defendant shall be responsible for the cost of location monitoring. | |
| 22) | Submit to periodic polygraph testing at the direction of the probation officer as a means to ensure compliance with treatment and the conditions of supervision. Defendant's answers to questions by the polygraph examiner shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent. | Imposed based on the nature of the instant offense, defendant's comments that suggest the potential for violence. Recommended to allow the probation office to monitor and enforce defendant's compliance to conditions of release. |
| 23) | Spend up to 180 days in a residential reentry center, as approved by the supervising U.S. Probation Officer, with admission upon the first available vacancy. Defendant may be absent from the center for employment purposes, for mental health counseling and treatment and for passes consistent with program rules. Defendant is to pay defendant's own medical expenses, if any, and is to pay 25% of defendant's gross income toward the daily cost of residence. Defendant may be discharged early from the facility upon the approval of both the facility administrator and the supervising U.S. Probation Officer. | Imposed based on the need for defendant to have stable housing and to aid in his transition back into the community. |

The court will consider the necessity of continuing these conditions at the next hearing.

Entered this 17th day of November, 2023.

BY THE COURT:

/s/

_____

Honorable James D. Peterson
Chief U.S. District Judge
